In re **WELDING ROD PRODUCTS LIABILITY LITIGATION**

No. 1535.

Judicial Panel on Multidistrict Litigation.

June 23, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ * and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the two actions in the Eastern District of Louisiana and one action in the Southern District of Mississippi as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one Eastern District of Louisiana action for coordinated or consolidated pretrial proceedings of these three actions. Moving plaintiffs initially supported centralization in either the Eastern District of Louisiana or the Southern District of Mississippi. Defendant Caterpillar, Inc., expressly takes no position with respect to the motion. All other responding defendants[2] support the motion for transfer, but suggest the Northern District of Ohio as transferee district. At oral argument, moving plaintiffs asserted that they now support the Northern District of Ohio as transferee district as well. Plaintiffs in one action and one potential tag-along action in the Southern District of Mississippi, as well as plaintiffs in various state court actions, initially opposed the motion; however, at oral argument, representatives for some, if not all, of these plaintiffs stated that they now also support centralization in the Northern District of Ohio.

 On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions present claims of personal injuries allegedly caused by exposure to welding fumes. The actions thus share factual questions concerning, inter alia, whether

---

* Judges Selya and Motz took no part in the decision of this matter.

1. In addition to the actions presently before the Panel, the parties have identified nineteen related actions pending as follows: ten actions in the Eastern District of Louisiana, five actions in the Southern District of Mississippi, two actions in the Western District of Louisiana, and one action each in the Northern District of Illinois and the Middle District of Louisiana. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Lincoln Electric Company; Praxair, Inc.; Union Carbide Corporation f/k/a Union Carbide Chemicals and Plastics Company, Inc.; Sandvik, Inc.; The ESAB Group, Inc.; Allegheny Technologies Incorporated f/k/a TDY Industries, Inc. f/k/a Teledyne Industries, Inc.; Eutectic Corporation; Hobart Brothers Company; A.O. Smith Corporation; The BOC Group, Inc. f/k/a Airco, Inc.; Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; and Airgas–Gulf States, Inc. f/k/a Gulf States Airgas, Inc.

exposure to welding fumes causes the conditions complained of by plaintiffs and whether defendants knew or should have known of any health risks associated with exposure to welding fumes. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the Northern District of Ohio is an appropriate transferee forum for this litigation. We observe that all responding parties now agree upon centralization in this district, and that the corporate headquarters for several of the defendants are located within this district, meaning relevant witnesses and documents will likely be found there. We also note that the judge to whom we are assigning these actions is an able jurist with experience in multidistrict products liability litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

*MDL–1535—In re Welding Rod Products Liability Litigation*

*Eastern District of Louisiana*

*Albert Weathersby, et al. v. Lincoln Electric Co., et al.,* C.A. No. 2:03–398

*Clarence Variste, Jr. v. Lincoln Electric Co., et al.,* C.A. No. 2:03–487

*Southern District of Mississippi*

*Charles M. Ruth, et al. v. Lincoln Electric Co., et al.,* C.A. No. 3:02–406